Frank Marti v. Commissioner.
Marti v. Commissioner
Docket No. 32602.
United States Tax Court
1952 Tax Ct. Memo LEXIS 32; 11 T.C.M. (CCH) 1137; T.C.M. (RIA) 52333; November 31, 1952
*32 Robert Lee Henry, Esq., 60 E. 42nd St., New York, N. Y., for the petitioner. John J. O'Toole, Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion RAUM, Judge: The Commissioner determined a deficiency in income tax in the amount of $4,250.39 for the year 1947 by reason of disallowing a claimed bad debt deduction under Section 23 (k) (1) of the Internal Revenue Code and allowing it only as a non-business bad debt under Section 23 (k) (4)[1] with the limited tax benefits flowing therefrom. A stipulation of facts filed by the parties is adopted as part of our findings and included herein by reference. *33 Petitioner, Frank Marti, now resides in Teaneck, New Jersey. He filed his income tax return for 1947 with the collector of internal revenue for the second district of New York. For many years, including 1947, petitioner and members of his immediate family owned all of the issued stock of F. Marti & Co., Inc., a New York corporation which was engaged in the export trade. Petitioner was president of F. Marti & Co., Inc., and was active in its affairs. In 1944, when it was desired to expand operations to the cosmetics field, the stock of a New York corporation engaged in that business, Gaston de Paris, Inc., became available for purchase. Since F. Marti & Co., Inc. did not have sufficient funds to make the purchase, petitioner himself in 1944 bought all of the issued capital stock of Gaston de Paris, Inc., for $20,000. Although petitioner became an officer of Gaston de Paris, Inc., he was not very active in its affairs. During 1946, petitioner made the following advances to Gaston de Paris, Inc., and that corporation's net worth on the last day of the month preceding each such advance was as follows: Advances
Net Worth
June 1946
$ 2,500
$14,509.44
July 1946
2,500
11,978.17
August 1946
2,500
8,833.01
October 1946
1,500
4,469.27
November 1946
1,000
2,647.49
$10,000
*34 Petitioner was not engaged in the business of making loans or of financing corporate enterprises. The foregoing advances were the only advances petitioner ever made. He received no notes, nor was interest charged. These advances were made to protect his investment. After October 31, 1946, when the outlook for Gaston de Paris, Inc., appeared to be poor, petitioner refused to make any further advances. In 1947 petitioner sold his stock in Gaston de Paris, Inc., for $7,499, and, as a condition of the sale, such indebtedness as was attributable to the foregoing $10,000 advances was cancelled for $1.00. Petitioner contends that the difference, $9,999 is deductible as a bad debt under Section 23 (k) (1), whereas respondent takes the position that the deduction must be limited by the provisions of Section 23 (k) (4). The issue here presented has been passed upon many times, and it is plain upon the basis of prior decisions that the advances herein, if debts at all, must be regarded as "non-business" debts. A sharp line has been drawn between the business of the stockholder and the business of his corporation. Some of the cases are collected in Estate of William P. Palmer, 17 T.C. 702, 704. *35 Petitioner herein was not in the business of making loans or financing corporate ventures. The determination of the Commissioner is in accord with settled law, and will not be disturbed. Decision will be entered for the respondent. Footnotes
1. SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: * * *
(k) Bad Debts. - (1) General Rule. - Debts which become worthless within the taxable year; or (in the discretion of the Commissioner) a reasonable addition to a reserve for bad debts; and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt, in an amount not in excess of the part charged off within the taxable year, as a deduction. * * *
(4) Non-business Debts. - In the case of a taxpayer, other than a corporation, if a non-business debt becomes worthless within the taxable year, the loss resulting therefrom shall be considered a loss from the sale or exchange, during the taxable year, of a capital asset held for not more than 6 months. The term "non-business debt" means a debt other than a debt evidenced by a security as defined in paragraph (3) and other than a debt the loss from the worthlessness of which is incurred in the taxpayer's trade or business. * * *↩